# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

|  |  |
|---|---|
| HUGO GERARDO CAMACHO NARANJO, JAVIER PIAGUAJE PAYAGUAJE, <br><br>Petitioners, <br><br>v. <br><br>CHEVRON CORPORATION, <br><br>Respondent, <br><br>STEVEN R. DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, <br><br>Movants. | No. 13-772-cv |

### DECLARATION OF RANDY M. MASTRO
### IN SUPPORT OF RESPONDENT CHEVRON CORPORATION'S
### MOTION TO FILE OVERSIZED ANSWER TO
### PETITION FOR WRIT OF MANDAMUS

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Respondent
Chevron Corporation*

I, RANDY M. MASTRO, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.  I am an attorney licensed to practice law in the State of New York and before this Court. I am a partner in the law firm of Gibson, Dunn & Crutcher, LLP, counsel of record for Respondent Chevron Corporation ("Chevron") in the above-captioned matter. I make this declaration, based on personal knowledge, in support of Chevron's Motion to File Oversized Answer to Petition for Writ of Mandamus. If called as a witness, I could and would testify to the same as stated herein.

2.  On June 13, 2013, the Court ordered Chevron to respond to the petition within 30 days. Dkt. 90. Chevron moves under Local Rule 27.1(e) for permission to file an answer of up to 50 pages.

3.  Chevron has informed Petitioners and Movants that Chevron is filing this motion, and they have not indicated whether they oppose or intend to file a response.

4.  On March 5, 2013, Petitioners filed a 40-page petition without first seeking leave of Court to exceed the 30-page limit set by Rule 21(d). Dkt. 1. On March 6, 2013, Petitioners filed a motion to file an overlength petition. Dkt. 8-1. Chevron did not oppose this motion, and the Court granted it on March 14, 2013. Dkt. 35.

5. In support of their petition, Petitioners filed a 1,722-page appendix and a declaration attaching 23 exhibits. Dkt. 39; Dkt. 40. The petition also expressly asks this Court to consider "the LAPs' earlier briefing in support of recusal." Dkt. 1-1 at 31 n.51; *see also id.* at 6 n.5. To that end, Petitioners have resubmitted their prior briefing in support of their petition for writ of mandamus in *In re Hugo Gerardo Camacho Naranjo & Javier Piaguaje Payaguaje*, Nos. 11-1150, 11-1264, 11-2259 (2d Cir.). (A905-953, A1030-60.) Petitioners here also "refer the Court to their prior merits briefing" in a prior appeal related to that prior mandamus proceeding (Dkt. 1-1 at 6 n.5), and they resubmitted that prior briefing in support of this petition. (A793-904, A954-1014.)

6. On March 21, 2013, Petitioners filed a 14-page motion to expedite mandamus proceedings that contained additional substantive argument in support of the petition, and was supported by a declaration attaching 19 exhibits. Dkt. 52. Chevron opposed the motion. Dkt. 58. On April 8, 2013, the Court granted the motion to expedite to the extent that the petition would be submitted to a panel sitting in May 2013. Dkt. 65.

7. On May 23, 2013, Petitioners filed a 9-page motion to supplement the record that consisted entirely of additional substantive argument in support of the petition, and sought to supplement the record with an additional 304 pages of

material. Dkt. 75. Chevron opposed the motion. Dkt. 82. On June 7, 2013, the Court granted the motion to supplement the record. Dkt. 89.

8. Chevron's request to file an answer of up to 50 pages is reasonable in light of the number of pages of substantive argument that Petitioners have submitted to this Court in connection with this proceeding. In addition to their 40-page petition, Petitioners have submitted an additional 23 pages of briefing in connection with their motions to expedite and supplement—and this additional briefing largely focused on the merits of their petition. Although Chevron was able to respond piecemeal in its opposition briefs to some of the additional arguments contained in Petitioners' various motions, Chevron believes the Court would benefit from a comprehensive answer brief that addresses all pertinent issues, arguments, authorities, and evidence that Petitioners have raised in this proceeding. Moreover, the LAPs have resubmitted and expressly asked this Court to consider more than 200 pages of substantive briefing from their prior appeal and petition for writ of mandamus—and Chevron likely will need additional pages to the extent it needs to respond to arguments from this prior briefing.

9. Chevron's request to file an answer of up to 50 pages is also reasonable in light of the complex factual and procedural history of this case. The district court docket contains nearly 1,300 entries, and Petitioners have filed more than 2,000 pages of material from the record in support of their petition. In

addition, the petition addresses related litigation before courts in both the United States and several foreign jurisdictions.  A reasonable number of additional pages will allow Chevron to adequately address the relevant factual and procedural history.

    10.    Chevron's answer is due July 15, 2013.  Accordingly, this motion is filed at least 14 days prior to the due date of the brief, as required under Local Rule 27.1(e)(3).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of June, 2013 at New York, New York.

                                                           /s/ Randy M. Mastro
                                                           Randy M. Mastro